**Fred A. SARGENT, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8604–CR–344.**

Supreme Court of Indiana.

Aug. 27, 1987.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A bench trial resulted in a conviction of appellant of Attempted Murder, a Class A felony, Attempted Robbery, a Class A felony, and Attempted Robbery, a Class B felony. Appellant received sentences of thirty-five (35) years, thirty-five (35) years and ten (10) years respectively, all sentences to run concurrently.

The facts are: On the evening of March 26, 1985, Steven Sweatt parked his car in the parking lot of the Naptown Riders Motorcycle Club. He and his passenger, Ottis Freeling, had been smoking marijuana. Sweatt also had a couple of beers. Freeling traded some marijuana for a drug called "T", which they shared. Appellant first approached Sweatt's automobile and purchased $5.00 worth of marijuana.

Five or ten minutes later appellant returned requesting more marijuana. After entering the automobile, appellant pulled out an automatic pistol and demanded money, rings, watches and drugs. An argument ensued because neither Sweatt nor Freeling would give in to appellant's demands. After failing in the robbery attempt, appellant left the automobile, but as he did so he fired a shot which seriously wounded Freeling.

Sweatt and Freeling gave varying accounts of the episode. One thought the gun used by appellant was "blue steel." The other thought it was "shiny, silver." One thought it was a nine millimeter automatic. The other thought it was a .45 automatic. One thought appellant was 5'2" to 5'4". The other thought he was 5'9" to 5'11". They also differed as to the clothing appellant was wearing at the time. Sweatt testified that he had never met appellant before. Freeling testified that he had met appellant on a previous occasion.

The sole assignment of error is that there is insufficient evidence to support the judgment of the trial court. Appellant acknowledges that this Court will not reweigh the evidence but cites *Penn v. State* (1957), 237 Ind. 374, 146 N.E.2d 240 for the proposition that the evidence to be weighed by the trial court must be sufficiently credible to support the judgment. Appellant

points to the fact that both Sweatt and Freeling were under the influence of marijuana and a drug called "T." This, coupled with the fact that their testimony varied as above described, demonstrates that their evidence is totally lacking in sufficient credibility.

Notwithstanding the discrepancies in their testimony, both Sweatt and Freeling identified appellant as their assailant. In this regard, Freeling's testimony was particularly strong because he had met appellant on a previous occasion.

Appellant also points out that he submitted alibi evidence by way of his girl friend, Joyce Ware, who testified that he slept at her home on the evening in question and did not leave during the hours the attempted robbery allegedly took place. The alibi evidence and the discrepancies of the victims were all presented to the trial judge and were matters to be weighed by him. The trial judge had the benefit of having the witnesses personally before him and could evaluate their credibility or the lack thereof. We see no reason in this case to disturb the finding of the trial court. *See Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.